UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENTHIL MOHAN MURUGAIYAN,<br>　　　　Plaintiff,<br>　　v.<br>ALLY BANK,<br>　　　　Defendant. | Case No. 23-cv-04871-AMO<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On April 4, 2024, this Court adopted Chief Magistrate Judge Ryu's Report and Recommendation dismissing pro se plaintiff Senthil Mohan Murugaiyan's complaint with leave to amend. ECF 17. Murugaiyan's amended complaint was due May 3, 2024. *Id.*

Because no amended complaint was filed as required, on May 17, 2024, the Court ordered Murugaiyan to show cause why this action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). ECF 18. The order directed Murugaiyan to file a written response to the order to show cause by no later than June 7, 2024. *Id.* The order also provided that if Murugaiyan intended to move forward with this case, the amended complaint was to be filed by June 7, 2024. *Id.* The order further warned that if Murugaiyan did not file both documents by that date, the Court would dismiss this action without further notice. *Id.* As of the filing of this order, Murugaiyan has not filed a response to the order to show cause or an amended complaint.

Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for failure to prosecute. In determining whether to dismiss a case for failure to prosecute, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability

of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Here, the Court finds that these factors weigh in favor of dismissal.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642. Given Murugaiyan's failure to prosecute the case despite multiple orders from the Court, this factor weighs in favor of dismissal. *See id.*; *see, e.g.*, *Glasper v. City of Oakland*, No. 23-CV-04699-HSG, 2024 WL 310205, at *2 (N.D. Cal. Jan. 26, 2024) (finding that this factor weighed in favor of dismissal where plaintiff had not complied with multiple orders).

Second, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. Here, Murugaiyan has demonstrated "routine noncompliance," as he failed to comply with the May 3 deadline to amend the complaint or the June 7 deadline set by the order to show cause. This factor therefore weighs in favor of dismissal.

Third, a defendant is prejudiced where a plaintiff's actions "impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131 (citation omitted). In *Malone*, which involved a Rule 41(b) dismissal for failure to comply with a court order, the district court found the plaintiff's excuse for her failure to comply with a pretrial order to be "groundless," justifying dismissal. *Id.* Here, Murugaiyan has provided no reason for his noncompliance and has been absent from his case since he was granted leave to amend his complaint. This factor also weighs in favor of dismissal. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) ("[A] presumption of prejudice arises from a plaintiff's unexplained failure to prosecute.").

Fourth, the Court attempted to employ less drastic alternatives that have proven ineffective. The Court dismissed the complaint with leave to amend and Murugaiyan failed to

respond or amend the complaint. ECF 17. The Court then issued an order to show cause, expressly warning Murugaiyan that the deadline to amend the complaint had passed and that failure to respond to the order would lead to dismissal with prejudice. ECF 18. He again failed to respond. Thus, this factor too weighs in favor of dismissal. *See Ferdik*, 963 F.2d at 1262 (stating that Ninth Circuit authority "suggest[s] that a district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement"); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal"); *see also White v. Gonzales*, No. 21-CV-04221-CRB(PR), 2024 WL 1659896, at *6 (N.D. Cal. Apr. 16, 2024) (finding that "[o]ne consideration pertinent in determining wither dismissal should be with or without prejudice is whether the court previously warned plaintiff that failure to obey a court order would result in dismissal").

Finally, the last factor – the public policy favoring disposition on the merits – weighs against dismissal here, as it always does when a party fails to prosecute. *See Pagtalunan*, 291 F.3d at 643.

Having carefully considered all five factors, the Court concludes that dismissal for failure to prosecute is appropriate. Accordingly, the Court **DISMISSES** this action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

The Clerk shall close the file in this matter.

**IT IS SO ORDERED.**

Dated: June 12, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**